IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SPURLY BROWN, §<br>      Petitioner, §<br>§<br>v. §<br>§<br>NATHANIEL QUARTERMAN, Director, §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>      Respondent. § | Civil Action No. 4:07-CV-241-A |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Spurly Brown, TDCJ-ID #688528, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No service has issued on Respondent.

C. FACTUAL AND PROCEDURE HISTORY

Brown is serving a life sentence for his 1994 conviction for capital murder in cause number

506164-A in the Criminal District Court Number Three of Tarrant County, Texas. (Petition at 2.) On April 23, 2007, Brown's petition was received for filing, wherein he challenges the conviction in various respects. Brown has filed a previous federal petition challenging the same conviction, which was dismissed as time-barred on August 12, 1999. *See Brown v. Johnson*, CM/ECF, Civil Action No. 4:98-CV-1055-L.

### D. SUCCESSIVE

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2).[1] Further, before such a petition is filed in federal district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *Id.* § 2244(b)(3). The fact that an earlier petition was dismissed with prejudice on limitations grounds does not remove the subsequent petition from the second-successive requirements of § 2244(b). *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Anders v. Cockrell*, No. 03:02-CV-2513-N, 2003 WL 102615, at *2 (N.D. Tex. Jan. 8, 2003) (not designated for publication); *Somerville v. Cockrell*,

---

[1] Specifically, 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless–

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

No. 3:02-CV-0380-L, 2002 WL 31441226, at *2 (N.D. Tex. Oct. 29, 2002) (not designated for publication).

Having reviewed the court documents in the previous habeas action, which this court is entitled to do, it is apparent that this is a successive petition, and Brown has not demonstrated that he has sought and received authorization to file such a petition from the Fifth Circuit Court of Appeals.  *See* 28 U.S.C. § 2244(b)(1)-(3).  This court is, therefore, without jurisdiction to consider the petition.  *See United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).  Brown must first seek an order authorizing this court to consider his claims from the Fifth Circuit Court of Appeals.  *See* 28 U.S.C. § 2244(b)(3); *In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000).

## II.  RECOMMENDATION

Brown's petition for writ of habeas corpus under 28 U.S.C. §2254 should be dismissed without prejudice to Brown's right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 15, 2007.  The United States District Judge need only make a *de*

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 15, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 24, 2007.

                                                    /s/ Charles Bleil
                                                  CHARLES BLEIL
                                                  UNITED STATES MAGISTRATE JUDGE